23-MAG-6264

```
- - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                     :
UNITED STATES OF AMERICA                             :
                                                     :
           - v. -                                    :
                                                     :
TYROME BREHON,                                        :
                                                     :
           Defendant.                                :
                                                     :
                                                     :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**COMPLAINT**

Violations of 18 U.S.C. §§ 922(g),
(k), 924(c); 21 U.S.C. § 841(a)(1)
and (b)(1)(C)

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

Patrick Lewis, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
### (Possession of Ammunition After a Felony Conviction)

1.      On or about August 30, 2023, in the Southern District of New York and elsewhere, TYROME BREHON, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, a box containing ten (10) .40 caliber bullets, two (2) magazines containing .40 caliber bullets, one of which was loaded into a Smith & Wesson SD40 VE pistol with a defaced serial number, and eleven (11) boxes of shotgun ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT TWO
### (Possession of a Defaced Firearm)

2.      On or about August 30, 2023, in the Southern District of New York and elsewhere, TYROME BREHON, the defendant, knowingly possessed a firearm which had the importer's and manufacturer's serial number removed, obliterated, and altered, to wit, a defaced Smith & Wesson SD40 VE pistol, and the firearm had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(k).)

**COUNT THREE**
**(Distribution of Narcotics)**

3.     On or about August 30, 2023, in the Southern District of New York and elsewhere, TYROME BREHON, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4.     The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

**COUNT FOUR**
**(Firearms Use, Carrying, and Possession)**

5.     On or about August 30, 2023, in the Southern District of New York and elsewhere, TYROME BREHON, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Three of this Complaint, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6.     I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**RECOVERY OF FIREARMS, AMMUNITION, AND NARCOTICS**

7.     Based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records, I have learned the following:

     a.     On or about August 30, 2023, at approximately 11:21 a.m., TYROME BREHON, the defendant, attempted to call me via telephone.

     b.     At approximately 5:14 p.m., I spoke by telephone with BREHON.  During that telephone call, BREHON stated that on or about the night of August 29, 2023, or the morning of August 30, 2023, he was in Yonkers, New York.  He stated, in substance and in part, that there

were young people in a car, that they had a rifle with a scope on it, and that they were going to do bad things with it. He further stated, in substance and in part, that he took the rifle ("Firearm-1") from them and was keeping Firearm-1 at his apartment located in the Bronx, New York (the "Apartment"). According to BREHON, Firearm-1 was behind a bookshelf in the Apartment.

        c.      At approximately 7:00 p.m., two FBI Task Force Officers picked up BREHON at Empire City Casino in Yonkers, New York, and brought him to the Apartment.

        d.      At approximately 7:41 p.m., BREHON signed a voluntary consent form in which he agreed to allow the FBI and the Yonkers Police Department to conduct a search of the Apartment. BREHON opened the front door of the Apartment with his keys.

        e.      During the course of clearing the Apartment to ensure that it was safe, law enforcement identified Firearm-1 in the living room of the Apartment behind a shelf. Firearm-1 is a Remington Model 760 rifle.

        f.      During the course of clearing the Apartment, law enforcement observed in plain view in the bedroom of the Apartment an Ithaca Model 100 12-gauge double barrel shotgun on the top of the headboard ("Firearm-2") and a Beretta Model AL-2 12-gauge shotgun also on the top of the headboard ("Firearm-3"). Law enforcement also observed in plain view in the bedroom a box of Remington ammunition containing ten (10) rounds of .40 caliber bullets ("Ammunition-1").

        g.      After law enforcement identified Firearm-1, Firearm-2, and Firearm-3, and Ammunition-1, law enforcement asked BREHON how many firearms were in the Apartment in addition to Firearm-1, Firearm-2, and Firearm-3. BREHON responded that there was one additional firearm, located in the bedroom of the Apartment.

        h.      Law enforcement then conducted a search of the bedroom and recovered a Smith & Wesson SD40 VE pistol ("Firearm-4") in the middle compartment of the top shelf of the dresser. The serial number of Firearm-4 was defaced. Firearm-4's magazine was loaded with .40 caliber ammunition ("Ammunition-2"). Law enforcement also recovered another magazine of .40 caliber ammunition next to Firearm-4 ("Ammunition-3").

        i.      During the search of the bedroom, law enforcement also recovered eleven (11) boxes of shotgun ammunition ("Ammunition-4") in a compartment on the left side of the dresser and two loose shotgun cartridges, as well as four bundles containing a substance that appeared to be heroin.

## DEFENDANT'S ADMISSIONS TO DISTRIBUTION OF NARCOTICS

        8.      Based upon my personal participation in the investigation of this matter and my conversations with law enforcement agents, I have learned the following:

        a.      On or about August 30, 2023, at approximately 8:00 p.m., TYROME BREHON, the defendant, was placed under arrest. Two bundles containing a substance that appeared to be heroin were recovered from BREHON's person after the time of the arrest.

b.      On or about 9:51 p.m., BREHON made a post-arrest statement after he was given *Miranda* warnings.  In substance and in part, stated that he had lied about Firearm-1, that he had been in possession of Firearm-1 for about a week, and that he was trying to provide the firearm to law enforcement in order to get credit for working with law enforcement.  BREHON also described how and when he had purchased Firearm-2, Firearm-3, and Firearm-4.

c.      BREHON further admitted, in substance and in part, that the bundles that were recovered from his person and the Apartment contain heroin and that he is engaged in selling heroin.  BREHON claimed that he possesses firearms for "protection" and does not generally carry the firearms with him when he sells heroin.

## MANUFACTURE OF AMMUNITION AND FIREARM AND FELON STATUS

9.      Based on my review of communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, and who reviewed the ammunition evidence recovered from the Apartment, I know that Ammunition-1, Ammunition-2, Ammunition-3, and Ammunition-4 recovered from the Apartment were not manufactured in New York State.

10.     Based on my review of public source information, I understand that Firearm-4 was not manufactured in New York State.

11.     Based on my review of law enforcement and court databases and my personal involvement with the investigation, I know that on or about November 13, 1996, TYROME BREHON, the defendant, was convicted in the Supreme Court of the State of New York, Kings County, of attempted murder, in violation of New York Penal Law Section 125.25, which is a Class B felony that carries a maximum term of imprisonment of over one year.  On or about December 10, 1996, BREHON was sentenced to 150 months' to 25 years' imprisonment in connection with the conviction.

WHEREFORE, I respectfully request that TYROME BREHON, the defendant, and be imprisoned or bailed, as the case may be.

PATRICK LEWIS
Special Agent
Federal Bureau of Investigation

Sworn to before me this ___ day of August, 2023.

THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

4